# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-1550V
### Filed: December 12, 2025

|  |  |
|---|---|
| ELIZABETH VALDEZ, | Special Master Horner |
| Petitioner, | |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Michael Avrim Firestone, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for petitioner.*
*Nina Ren, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 9, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act").  (ECF No. 1.)  Petitioner alleged that she suffered from small fiber neuropathy, neuropathy, paresthesia, weakness, and related complications, and/or a significant aggravation of chronic fatigue syndrome and fibromyalgia, as a result of an influenza ("flu") vaccination of October 10, 2015.  (ECF No. 1, p. 1.)  She later amended her petition to allege a significant aggravation of a somatic symptom disorder. (ECF No. 74.)  On July 8, 2024, a decision was issued denying compensation and judgment entered dismissing the case on August 15, 2024.  (ECF Nos. 78, 80.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

Petitioner subsequently filed a motion for an award of attorneys' fees and costs on December 17, 2024. (ECF No. 81.) Petitioner seeks a total of $120,054.94[3] to be paid to her counsel, including $81,317.93 for attorneys' fees and $38,737.01 for costs, as well as an additional $3,100.00 in personal costs. (*Id.* at 1.) In response, respondent deferred to the undersigned as to whether the statutory requirements for an award of attorneys' fees and costs have been met in this case. (ECF No. 82, p. 2.) Respondent further requested that the court exercise its discretion in determining a reasonable amount for any award of attorneys' fees and costs. (*Id.* at 5-6.) However, respondent did request a case-specific determination regarding petitioner's expert's hourly rate. (*Id.* at 4-5.) Petitioner did not file any reply.

The expert costs requested in this case include a $3,000 retainer by neuroimmunologist Lawrence Steinman, M.D., who billed at a rate consistent with prior cases and ultimately concluded that he could not support the case (ECF No. 81, pp. 24, 86), and $37,575 for the services of psychiatrist W. Curt LaFrance, M.D.,[4] who billed 75.15 hours at a rate of $500 per hour (*Id.* at 25, 83, 88-95) and produced three reports in this case (Exs. 17, 34, 45). In prior cases, psychiatrists have requested rates of up to $500 per hour but have had their rates reduced to between $200 to $350 per hour based on either poor performance or limited utility. *E.g.*, *Langley v. Sec'y of Health & Human Servs.*, No. 17-837V, 2023 WL 7221461, at *3 (Fed. Cl. Spec. Mstr. Sept. 7, 2023) (requested rate reduced from $425 to $350 due to the expert's limited role in opining with regard to encephalopathy); *J.M. v. Sec'y of Health & Human Servs.*, No. 02-10V, 2018 WL 1514433, at *17-18 (reducing the hourly rate from $500 to $300 due to poor work product). More recently, however, a psychiatrist was awarded $425 per hour, reduced from a requested rate of $450. *Bundonis v. Sec'y of Health & Human Servs.*, No. 18-995V, 2025 WL 1453660, at *6 (Fed. Cl. Spec. Mstr. Apr. 25, 2025). I have not located any prior case in which a psychiatrist was reimbursed at a rate higher than $425 per hour nor has petitioner cited any such case. Nor has petitioner provided any argument to support the idea that Dr. LaFrance's individual experience or qualifications would merit a higher rate than has previously been awarded to similarly situated experts. Accordingly, Dr. LaFrance's work will be reimbursed at a rate of $425 per hour, reducing his total billing from $37,575 to $31,938.75.

Otherwise, in the undersigned's experience, the petitioner's request appears reasonable overall. Additionally, pursuant to Vaccine Rule 13(a)(3), "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision." Petitioner has substantiated that her counsel has billed at rates that have been previously accepted (ECF No. 81, pp. 5-6) and, given petitioner's submission of Dr. LaFrance's opinion, I am satisfied that this case, though ultimately unsuccessful, was filed in good faith and with a reasonable basis.

---

[3] In her motion, petitioner requests a total of $120,054.90 in attorneys' fees and costs incurred by counsel. (ECF No. 81, p. 1.) However, careful review of petitioner's motion indicates that petitioner requests a total of $120,054.94 in attorneys' fees and costs incurred by counsel.

[4] The undersigned recognizes that Dr. LaFrance is board-certified in neurology and psychiatry. (Ex. 17, pp. 1-2.) However, his expert opinion in this case was with respect to psychiatry.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $117,518.69, representing reimbursement of $114,418.69 for attorneys' fees and costs and $3,100.00 in petitioner's personal costs, to be paid through an ACH deposit to petitioner's counsel of record, Michael Avrim Firestone's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.